Rivera Pérez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El presente recurso pretende de esta Curia la revocación de una resolución emitida por el Departamento de Recursos Naturales y Ambientales de Puerto Rico, declarando sin lugar una querella presentada ante esa agencia para que se reconociera el hecho de la alegada destrucción de un sumidero que existía en una propiedad privada, por el dueño de la misma. No le asiste la razón a la parte recurrente. Se expide el auto y se confirma la resolución recurrida.
*871 I
Los hechos de los cuales surge el procedimiento administrativo de marras ante el Departamento de Recursos Naturales y Ambientales de Puerto Rico, de ahora en adelante DRNA, se remontan al año 1994. A base de esos hechos, el señor Frank Coss presentó querella ante esa agencia, en calidad de Presidente del Comité Timón Calidad Ambiental de Manatí, de ahora en adelante COTICAM. Se adujo en esa querella, que en la propiedad del señor Edgardo Ortiz Bruno, localizada en la intersección de las carreteras P.R. 686 y P.R. 670, existe un sumidero y que el mismo fue destruido como consecuencia de depositar material de la corteza terrestre con maquinaria pesada. El caso de autos fue tramitado ante el DRNA, con la culminación de una vista administrativa celebrada el día 19 de abril de 1996.
La parte querellante, aquí recurrente, presentó como prueba el testimonio de cuatro personas alegadamente para demostrar la existencia del sumidero en la propiedad del señor Ortiz Bruno y otros hechos relacionados. Esos testigos son el señor Frank Coss, Presidente de COTICAM; el señor Juan Martínez, Supervisor de Conservación del Departamento de Transportación y Obras Públicas, Oficina Regional de Arecibo, de ahora en adelante DTOP; el señor Francisco Almonte, representante de la compañía NORPRO; el agrónomo Walter Gandía de la Autoridad de Tierras de Puerto Rico, Programa de Pifias; y el señor Carlos Conde Costas, hidrólogo del United States Geological Survey.
La parte querellada, aquí recurrida, señor Ortiz Bruno, se limitó a presentar su propio testimonio, conducente a negar el conocimiento de la existencia del susodicho sumidero en su propiedad. Sin embargo, esa parte sostuvo la posición de que si inadvertidamente se hubiere tapado alguno y le indicaban dónde se encontraba, estaba dispuesto a remover el relleno en ese lugar específico y a darle el mantenimiento que fuera necesario.
Con fecha del 9 de mayo de 1996, el Secretario del DRNA emitió una resolución basada en el Informe de la Oficial Examinadora del 6 de mayo de 1996, declarando no ha lugar la solicitud dél querellante, que pretendía se decretara la existencia de un sumidero en la propiedad del señor Ortiz Bruno, y se reconociera su destrucción por esa parte. Posteriormente fue presentada por la parte querellante-recurrente una moción de reconsideración, que no fue acogida por la agencia recurrida dentro del término dispuesto por ley para ello. 
La parte recurrente señala como errores cometidos por la agencia recurrida los siguientes:

"1. Erró en su informe la Honorable Oficial Examinador al no establecer qué tanto el testimonio del Sr. Juan Martínez y el Agro. Walter Gandía representan no sólo su conocimiento personal de la existencia del sumidero en la Propiedad, sino también representan la posición oficial de las agencias del gobierno del Estado Libre Asociado de Puerto Rico (ELA), es decir, el DTOP estatal y la Autoridad de Tierras, respectivamente.

2. Erró en su informe, la Honorable Oficial Examinador al no establecer claramente y no interpretar como tal que el Sr. Carlos Conde testificó como testigo de conocimiento y perito en hidrogeología del área.

3. Erró en su discreción la Honorable Oficial Examinador al no admitir como prueba unas fotocopias a color de unas diapositivas demostrativas de los canales de disolución en la Propiedad mencionados durante el testimonio del Sr. Conde.

4.Erró en su discreción la Honorable Oficial Examinador al no permitir la solicitud de interven-ción para testificar durante la vista administrativa del 19 de abril de 1996 y posteriormente por escri-to por parte del Sr. William Maisonet, residente colindante de la Propiedad donde ubica el sumidero en cuestión."

II
La parte recurrente nos plantea que la posición de sus testigos ante la agencia recurrida era no sólo su posición personal sobre la existencia del sumidero en cuestión, sino que constituyó la posición oficial de agencias del Gobierno de Puerto Rico, es decir, el Departamento de Transportación y Obras Públicas de Puerto Rico y la Autoridad de Tierras de Puerto Rico. Arguye, que erró él Oficial
*872 Examinador de la agencia recurrida al no acoger la opinión de esas personas como la posición oficial del Estado sobre la existencia del sumidero. Aduce, además, que la agencia recurrida erró al no acoger el testimonio del señor Carlos Conde, como testigo de conocimiento y perito de hidrogeología del área donde alegadamente se encontraba el sumidero. No tiene razón. Los errores señalados e identificados como primero y segundo no fueron cometidos. Veamos.
La regla de la evidencia sustancial es la norma dominante para la revisión de determinaciones de hechos en los procesos administrativos federales y estatales. En Puerto Rico nuestro más Alto Tribunal adoptó tal norma en Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 620 (1954).
La norma de evidencia sustancial comprende el criterio de la base racional para legitimar una determinación de hecho. De existir prueba conflictiva, el Tribunal debe considerar como concluyente lo determinado por la agencia administrativa, y debe respetar la determinación de credibilidad hecha por la agencia administrativa. Dos ingredientes, parte de tal doctrina en Puerto Rico, son los siguientes: (1) el considerar otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la totalidad de la prueba presentada, incluyendo aquella que sea contraria al punto de vista de la agencia recurrida y hasta el punto de que se demuestre claramente que la decisión de la agencia recurrida no está justificada por una evaluación justa del peso de la prueba, y (2) el de examinar la totalidad de la prueba presentada ante la agencia o lo que es lo mismo asegurarse de que la determinación de la agencia está basada en la totalidad del récord. 
La regla de la evidencia sustancial es una que rebasa la norma de la cantidad de la evidencia. La evidencia debe ser considerada en su totalidad, incluyendo aquella que reduzca o menoscabe el peso que la agencia recurrida le haya conferido, como también la que la sostenga. La evidencia sustancial se considera un estándar de prueba menor que el de la preponderancia de la prueba y por ello es posible que, tomando en cuenta tanto la evidencia que sostiene la determinación como la que reduce el peso dado por la agencia recurrida, sea preponderante en contra de la decisión de la agencia. No obstante, la decisión de la agencia recurrida tiene que sostenerse por más de una mera scintilla de evidencia. De existir dos interpretaciones razonables, la selección de la agencia recurrida debe prevalecer. La cuestión es si la determinación de la agencia es razonable y no si la agencia logró la determinación correcta del hecho o los hechos. 
La doctrina vigente en Puerto Rico le confiere considerable deferencia a las determinaciones de hechos de la agencia. El hombre prudente y razonable puede llegar a varias conclusiones o determinaciones respecto a un asunto en controversia. A tenor con esa concepción, la determinación de la agencia recurrida será respetada si descansa en una de esas posibles interpretaciones que pudiera haber hecho el hombre razonable. Otra consideración que sostiene en posición ventajosa las determinaciones de hechos de la agencia recurrida es su familiaridad con el récord, su conocimiento especializado y peritaje en las áreas en que se le exige que resuelva cuestiones de hecho. Presupone que tengan base racional en la prueba para que sus determinaciones sean sostenidas por el Tribunal. 
La agencia recurrida emitió la resolución objeto del presente recurso de revisión a base de la credibilidad que le adjudicó a la prueba testifical y pericial presentada por las partes y a la inspección realizada en el año 1994 por el Director de la Oficina de Geología del DRNA de la finca propiedad del aquí recurrido antes de que se le expidiera a éste el Permiso Simple Núm. PS-RAR-024-94 para limpiar y depositar relleno en esa propiedad. Apoyó su resolución en la interpretación que le impartió a esa prueba, en conjunto con la totalidad del expediente.
La agencia recurrida determinó, como cuestión de hecho, lo siguiente:

"1. En el año 1994 la parte querellada limpió y depositó material de relleno en su finca situada en la intersección de las carreteras PR 686 y PR 670.

2. El día 30 de agosto de 1994 el Departamento de Recursos Naturales y Ambientales expidió al querellado el Permiso Simple Núm. PS-RAR-024-94, luego de investigar y evaluar técnicamente su solicitud.

*873
3. En el 1994 el Director de la División de Geología del Departamento inspeccionó la finca antes de que se expidiera el referido permiso y expresó luego de evaluar la situación, que no podía manifestar categóricamente si había o no un sumidero allí.

4. En la actualidad no se puede ver ningún sumidero en el lugar en cuestión.

5. Conforme a lo dispuesto en la Ley Núm. 144 del 3 de junio de 1976, según enmendada, el Secretario de este Departamento es la persona con facultad para autorizar la extracción o remoción de materiales de la corteza terrestre.

6.La Ley Núm. Ill del 12 de julio de 1985, según enmendada, define en su Artículo 3 el término [sic] "Sumidero" como un "(h)ueco deforma usualmente circular que se encuentra en áreas ¡cársicas, pudiendo variar su diámetro desde varios metros, hasta un kilómetro. Su profundidad puede ser de varios centenares de metros".

La parte recurrente no ha colocado en posición a este Tribunal de intervenir con tales determinaciones de hechos de la agencia recurrida y con su interpretación de la prueba presentada. La agencia adoptó la posición de su Director de la Oficina de Geología que inspeccionó los terrenos en cuestión antes de que se expidieran los permisos correspondientes para la extracción o remoción de materiales de la corteza terrestre. La parte recurrente no ha demostrado que tal interpretación sea irrazonable. Se ha concretado a argüir que la agencia recurrida erró al no acoger la que él prefiere y entiende como correcta. Cuando existen dos interpretaciones razonables, la selección de la agencia debe prevalecer. La cuestión que tiene que revisar este Tribunal es si la determinación de la agencia es razonable. Concluimos que así es.
Los errores tercero y cuarto señalados se limitan a ilustrar a este Tribunal sobre la improcedencia de la resolución recurrida, por no haber admitido cierta prueba documental que intentó presentar el querellante-recurrente y el testimonio de un colindante de los terrenos en cuestión, que después de sometido el caso por las partes al Oficial Examinador solicitó expresarse oralmente en la vista administrativa celebrada el 19 de abril de 1996, y posteriormente a esa fecha verificó similar petitorio por escrito. No tiene razón. La sección 3.13 (c) de la Ley de Procedimiento Administrativo Uniformé dispone que el funcionario que presida la vista podrá excluir aquella evidencia que sea impertinente, inmaterial, repetitiva o inadmisible por fundamentos constitucionales o legales basados en privilegios evidenciarios reconocidos por los tribunales de Puerto Rico. La parte recurrente no ha demostrado a este Tribunal en qué forma la agencia recurrida erró, como cuestión de derecho, al excluir la prueba documental ofrecida por el querellante, aquí recurrente, y aquella consistente en el testimonio de una persona que no era testigo de ninguna de las partes, sino que pretendió intervenir en el asunto después de concluida la vista administrativa.
III
Por los fundamentos antes expuestos, se expide el auto solicitado y se confirma la resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 44
1. Apéndice I, págs. 1-5 del recurso de revisión.
2. Apéndice II, págs. 6-9, Ibid.
3. Davis, Administrative Law Treatise, sec. 29.5 (1984).
4. Demetrio Fernández, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme. Colombia, Ed. Forum. 1993, pág. 530.
*874 5. Ibid., págs. 530 y 531.
6. Ibid., pág. 531.
7. 3 L.P.R.A. § 2163 (c).
8. Artículo 3.13 (b) de la Ley de Procedimiento Administrativo Uniforme.